[No. 7008.] .

EPLEY v. THE PEOPLE.

1. CRIMINAL LAW—*Plea of Former Jeopardy*—Information for the unlawful sale of intoxicating liquors alleged to have been made on or about August 31st. Plea that on September 2nd an information was exhibited against the defendant charging the sale of intoxicating liquors to the same person, at the same place on or about August 24th, trial, conviction, and sentence thereon; that upon that trial evidence was admitted, not only of the sale alleged in the information, but of all other sales, and the jury were charged that the exact date of the sale needed not be proven as alleged; and that by reason of the premises defendant had been in former jeopardy for the same offense, etc. *Held* that the plea was good in substance and called for a reply. —(597).

*Error to Larimer County Court*—Hon. FRED W. STOVER, Judge.

Mr. L. J. STARK and Mr. BERT MARTIN for plaintiff in error.

Hon. BENJAMIN GRIFFITH, attorney general, and Mr. GEORGE D. TALBOT for the people.

Mr. JUSTICE MUSSER delivered the opinion of the court:

C. L. Epley was convicted for selling intoxicating liquor in anti-saloon territory. The information, upon which he was convicted, was filed on October 9, 1909, in the county court, and charged him with selling liquor to Willis Hill on or about August 31st. To this information the defendant filed a plea of former jeopardy, alleging in substance that, on September 2nd, an information, which was set out, was filed in the same court, charging him with selling liquor to the same person in the same territory, on or about August 24th; that on September 21st, he had been tried, convicted and sentenced under the first information, (setting out the sentence); that, at the trial evidence was given, not only of a sale, as alleged in the first information, but also of all other sales; that the judge charged the jury at the trial of the first information that the exact date of the sale was immaterial and need not be proved as alleged. It was necessary for the plea to state that the offense for which he was prosecuted under the second information was the same offense for which he had been tried and convicted under the first, or that by reason of the trial and conviction under the first he had been in jeopardy of the same offense for which he was prosecuted under the second. In its concluding averments, the plea, in substance, stated, that, by reason of the former information, trial, evidence and conviction, the defendant had been in jeopardy of the same offense for which he was prosecuted under the second information. To this plea a demurrer was filed, stating, as a ground of demurrer, that the plea was void for uncertainty. This demurrer was sustained and nothing more came of the plea. While not deciding that such a demurrer would lie, it is enough to say that the

plea does not appear uncertain. It could have been couched in language that would have made it plainer, but the substantial allegations of such a plea are stated.—1 Bish. New Crim. Procedure, Sec. 810. This being so, the plea called for a reply from the district attorney, and trial by jury of the issues of fact raised. —*Dockstader v. The People,* 43 Colo. 437.

The judgment is, therefore, reversed and the cause remanded with instructions to the lower court to overrule the demurrer, and that the matter then proceed according to law.         *Reversed and Remanded.*

Mr. JUSTICE HILL and Mr. JUSTICE GARRIGUES concur.